### EL PASO & NORTHEASTERN RAILROAD COMPANY v. LILLIAN D. WHATLEY.

Motion No. 1384.    Decided June 12, 1905.

**Appeal—Bond—Jurisdiction of Supreme Court.**

The Supreme Court is without jurisdiction on writ of error, over a case affirmed in the Court of Civil Appeals, where the appeal bond was not filed in the District Court within the time required by law, and will dismiss the writ of error in such case though the point was not raised till the case reached the Supreme Court. (P. 129.)

Motion to dismiss writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

Whatley sued the railway company and had judgment which was affirmed on defendant's appeal. Defendant obtained writ of error, and plaintiff in error moved in the Supreme Court to dismiss the writ of error because the appeal bond was not filed in time to confer jurisdiction on the Court of Civil Appeals.

*Hawkins & Franklin* and *Shook & Vanderhoeven,* in support of a motion for rehearing on the motion to dismiss, cited Curlin v. Canadian & Am. M. & T. Co., 90 Texas, 376.

*Patterson, Buckler & Woodson,* contra, cited Burr v. Lewis, 6 Texas, 76; Lyell v. Guadalupe County, 28 Texas, 58; Schleicher v. Runge, 90 Texas, 456.

BROWN, ASSOCIATE JUSTICE, ON MOTION TO DISMISS.—The district court for El Paso County was authorized by law to continue in session from the first Monday in May, to the first Monday in July, in the year 1904, more than eight weeks. (Laws 1903, p. 78, chapter 56, sec. 5.)

Appeals from district courts to the Courts of Civil Appeals are regulated by the following article of the Revised Statutes: "Art. 1387. An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered, by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond, or affidavit in lieu thereof, shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days if he resides out of the county. Judgment in this case was rendered on the 23d day of May, 1904, and motion for a new trial was filed in due time and overruled on June 13, at which time notice of appeal was given as required by law. The appeal bond was not filed and approved until July 16, 1904, which was more than thirty days after the notice of appeal was given. The Court of Civil Appeals did not acquire jurisdiction of the case because the filing of the bond within the time prescribed by the statute is necessary to give jurisdiction to that court. Burr v. Lewis, 6 Texas, 76; Harvey v. Cummings, 62 Texas, 186; Sanger, et al. v. Burke, 44 S. W., 871; Converse v. Trapp, 29 S. W., 415.

The writ of error removed the cause from the Court of Civil Appeals into this court, but since that court had no jurisdiction of the case it follows that this court is without jurisdiction. It is therefore ordered that the motion to dismiss be granted, and that the appeal in this case be and is hereby dismissed from the docket of this court.