## J. W. HILLMAN v. DAN GALLIGHER ET AL.

### Decided October 22, 1908.

**Appeal Bond—Time of Filing.**

Where the term of court continued more than eight weeks, appellant, if a resident of the county, was required to file his appeal bond within twenty days from his giving notice of appeal (Rev. Stats., art. 1387); this was necessary to give jurisdiction, and the bond here being filed later, the appeal is dismissed.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*J. W. Hillman,* appellant, in *pro. per.*

*Hart, Mahaffey & Thomas,* for appellee.

WILLSON, CHIEF JUSTICE.—The case is before us on a motion by appellee to dismiss the appeal on the ground that, because of the failure of appellant to perfect his appeal by filing an appeal bond within the time permitted by law, this court has not acquired the power to hear and determine it.

It appears that the judgment appealed from was rendered on the 17th day of December, 1907, and that the judgment overruling appellant's motion for a new trial was rendered December 20, 1907, when he gave notice of appeal. The term of the court at which the cause was tried commenced December 2, 1907, and ended January 30, 1908, having lasted by authority of law (Acts 1907; p. 198) longer than eight weeks. It further appears that appellee, at the time of the trial, was a resident of Bowie County, where the cause was tried.

The motion must be sustained. Under the law the term of the court

might have continued, and in fact did continue, for a period longer than eight weeks. Appellant, being a resident of the county where the cause was tried, was required to perfect his appeal by filing an appeal bond within twenty days after the date of the notice given by him of an appeal. Sayles' Stat., article 1387. The bond was not filed until the 19th day of February, 1908, or on the thirtieth day after the notice of an appeal was given. The filing of the bond within the time permitted by law was necessary to confer jurisdiction of the appeal on this court. Sanger v. Burk, 44 S. W., 871; National Bank of Cleburne v. Carper, 67 S. W., 192. Necessarily, therefore, the appeal must be dismissed.

*Appeal dismissed.*