GEORGE T. SIMPSON ET AL. v. H. V. BAKER ET AL.

Decided November 10, 1909.

**1.—Appeal—Filing Bond—Resident Appellant.**

When an appeal bond is not filed by a resident appellant within twenty days after the end of the term of the trial court, a Court of Civil Appeals has no jurisdiction of the appeal.

**2.—Same—Non-resident Appellant.**

A nonresident appellant has thirty days after notice of appeal within which to file his appeal bond only in case the term of court at which the judgment was rendered might continue by law longer than eight weeks.

Appeal from the District Court of Hardin County.   Tried below before Hon. L. B. Hightower.

*Jno. L. Little* and *W. W. Dies,* for appellants.

*Oliver J. Todd,* for appellees.

PLEASANTS, CHIEF JUSTICE.—The term of the court at which the judgment was rendered from which this appeal is prosecuted adjourned on October 29, 1908.   The appeal bond was filed on the 28th day of November, 1908.   The bond not having been filed within twenty days after the adjournment of the trial court, as required by the statute, this court has no jurisdiction to hear and determine the case and the appeal must be dismissed.   Sayles' Civil Statutes, article 1387; Converse v. Trapp, 29 S. W., 415.

One of the appellants is a nonresident of the county in which the judgment appealed from was rendered, but under the statute above referred to such nonresident did not have thirty days after the notice of appeal within which to file his appeal bond, because the term of the court at which the judgment was rendered could not have continued by law longer than eight weeks.   If the court could have continued in session for more than eight weeks the bond should have been filed within thirty days after notice of appeal, and this bond was not filed within that time, such notice having been given on October 9, 1908.   Nash v. Noble, 52 Texas Civ. App., 425.

For the reason stated the appeal is dismissed.

*Dismissed.*