SMITH et al. v. VAN SLYKE et al.

(Court of Civil Appeals of Texas. Texarkana. April 13, 1911. On Rehearing, June 8, 1911.)

APPEAL AND ERROR (§ 387*)—PROCEEDINGS FOR TRANSFER OF CAUSE—APPEAL BOND OR AFFIDAVIT.

Under Rev. St. 1895, art. 1387, requiring the appeal bond or affidavit in lieu thereof to be filed within a time prescribed therein after notice of appeal is given where the term of court may continue for more than eight weeks, where the bond or affidavit is not filed within the prescribed time after notice of appeal given on the day the judgment is entered, the appeal will be dismissed, though a motion for new trial was filed and overruled within the time prescribed preceding the filing of the bond or affidavit; no new notice of appeal being given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064–2070; Dec. Dig. § 387.*]

Appeal from District.Court, Wise County; J. W. Patterson, Judge.

Action between B. F. Smith and others and Edgar Van Slyke and others. From the judgment, B. F. Smith and others appeal. Appeal dismissed.

·A. J. Clendenen, for appellants. Garnett & Garnett, McMurray & Gettys, R. E. Carswell, and Robert Carswell, for appellees.

LEVY, J. It appears upon the record in this case that final judgment was entered by the court on February 10, 1910, and that the parties on that date gave and had entered notice of appeal to the Court of Civil Appeals. It appears that Mrs. Hunt, in lieu of an appeal bond, filed an affidavit of inability to pay or give security of costs of appeal on March 25, 1910. It appears that B. F. Smith filed an appeal bond on March 14, 1910. It appears that the Texas Securities Company filed an appeal bond on March 17, 1910. These are the appellants in the record. It appears that Mrs. Hunt is a resident of the county where the suit was brought, and the other appellants reside out of the county. It further appears in the record that on February 11, 1910, B. F. Smith and the Texas Securities Company filed a formal motion for new trial, which was by the court overruled on February 25, 1910. No other notice of appeal appears in the record, except the notice appearing of February 10, 1910. The term of the district court in Wise county where the suit was tried may by law continue, as also the recital in the record shows it did, for more than eight weeks. In this state of the record it affirmatively appears that this court is without jurisdiction to entertain the appeal. Where the term of the court may continue for more than eight weeks, the appeal bond, or affidavit in lieu thereof, is expressly required to be filed within the required time "after notice of appeal is given." Article 1387, Rev. Stat. And unless it is so filed within the required time, and here it was not, it has been repeatedly held that this court has no jurisdiction to entertain the appeal. Hillman v. Galligher, 52 Tex. Civ. App. 41, 113 S. W. 321; Railway Co. v. Elliston, 128 S. W. 675; Railway Co. v. Whatley, 99 Tex. 128, 87 S. W. 819; Mara v. Branch, 127 S. W. 1076. If appellants Smith and Texas Securities Company by their formal motion intended to abandon the notice of appeal already and previously given and entered of record, and intended to give notice of appeal after a ruling on their motion, it still must be said from the record that such notice was not given and entered, and consequently the actual notice given was not abandoned. Mrs. Hunt made no motion for new trial, according to the record. The statute authorizes the notice of appeal to be given within two days after final judgment, or two days after judgment overruling motion for new trial. One

or the other must be done. As it appears upon the record, and we are bound by the record, the notice, upon which the parties stand, was given at the time of the final judgment. As this was authorized by law, we are bound to presume by the record that this was the compliance with the law. And the time for filing the required appeal bond or affidavit dated from the date of thus giving the notice. As seen, the bonds and affidavit were each filed too late to be in compliance with the statute.

The appeal is accordingly dismissed.

## On Rehearing.

The appellants have properly filed a corrected record here showing the true minutes of the district court. According to the transcript as thus corrected, the objection is removed that the appeal bond and affidavit were not filed in time to give this court jurisdiction. The former order of dismissal is therefore set aside and the appeal reinstated, and will stand for determination in its order on the docket of this court.