## WOOLLEY et al. v. CANYON EXCH. CO.

(Court of Civil Appeals of Texas. Amarillo. May 24, 1913. Rehearing Denied June 14, 1913.)

1. PLEADING (§ 193*)—GENERAL DEMURRER.

The petition, seeking to recover half the profits of a transaction, though praying that a defendant be ordered to convey to plaintiffs an interest in lands in another state, which the court has no jurisdiction to do, is not subject to general demurrer; there being an alternative prayer that, if the property had been converted, and it was inequitable to do so, plaintiffs have judgment against defendants in a certain sum, and also a prayer for all equitable relief.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

2. PLEADING (§ 398*)—VARIANCE—EVIDENTIAL MATTER.

Mere evidential matters pleaded in the petition may be treated as surplusage, so that variance between such allegations and the proofs,

by which defendants could not have been surprised, are immaterial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1338; Dec. Dig. § 398.*]

3. JOINT ADVENTURES (§ 5*)—PROFITS—EVIDENCE.

The profits of a sale, half of which defendant agreed to pay plaintiff, may be shown by evidence of the value of land which constitute such profits, though it has not been sold.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 7; Dec. Dig. § 5.*]

4. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—INSTRUCTIONS.

One may not complain of error in an instruction favorable to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

5. TRIAL (§ 203*)—NECESSITY OF INSTRUCTIONS—NATURE OF ISSUE.

That there was an agreement to waive all commissions under the agreement sued on—agreement of defendants to divide with plaintiffs all commissions or profits on sale by defendant of M.'s land—and to look to M. for commissions, is not matter of affirmative defense, but admissible under a general denial, as regards right to a special charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

6. PARTIES (§ 25*)—STAKEHOLDER—JOINDER AS DEFENDANT.

Where G. is only a stakeholder, and the question is whether defendant W. is entitled to all G. is holding, or whether plaintiff under his contract with W. is entitled to half of it, plaintiff may join both as defendants, and have judgment against both; garnishment not being necessary.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 31, 36–40; Dec. Dig. § 25.*]

Appeal from District Court, Randall County; J. N. Browning, Judge.

Action by the Canyon Exchange Company, a partnership, against C. V. Woolley and another. Judgment for plaintiff, defendants appeal. Reformed and affirmed.

A. S. Rollins, of Amarillo, and Martin & Zimmerman, of Tulia, for appellants. J. C. Hunt, of Canyon, and B. Frank Buie, of Canyon, for appellee.

HALL, J. This suit was instituted by appellees, a firm composed of J. E. Winkleman, O. I. Smith, and H. H. Cassles, against C. V. Woolley and H. H. Gillham, substantially alleging that Woolley and plaintiffs were engaged in the real estate business in the city of Canyon, in Randall county, and that plaintiffs, acting through O. I. Smith, made a contract with appellant Woolley, whereby it was agreed that plaintiffs would procure for sale a certain half section of land known as the "Martin land," and that they would have said land listed with them as agents, that Woolley would thereafter secure a purchaser for such half section, and that plaintiffs were to receive one-half of all the commissions or profits received by Woolley from his purchaser in the sale thereof. It is alleged that appellees did secure the

listing of such land, and that one Franks was secured by Woolley as a purchaser, the said Franks agreeing with Martin, the owner thereof, to pay $35 per acre, payable $1,-000 in 30 days, the execution of a vendor's lien note for $5,900, and as a remainder of the consideration would convey to the said Martin a certain 80 acres of land lying in Williamson county, Ill., which was to be taken in at a valuation of $4,300; that after this agreement the appellant Woolley in connection with H. H. Gillham, entered into an agreement to defraud appellees out of their interest in the profits, and induced the said Martin to make the deed to said land to Gillham, and that Gillham would convey the same to Franks, and that the $1,000 should be payable to the said Gillham; the note for the deferred payment should also be made payable to Gillham, and the 80 acres of land in Illinois should be conveyed to him; that all the profits arising from said sale should be contracted in Gillham's name, and he should account to Woolley alone therefor and defeat plaintiffs of their rights. Judgment was prayed for in the sum of $1,970. The defendants each answered by general demurrer and general denial. The demurrers were overruled, and judgment resulted in favor of plaintiffs against both defendants, in the sum of $3,000.

Appellants filed separate briefs, which submit, with some exceptions, the same questions for consideration.

[1] The appellant Woolley urges under his first assignment that according to the allegations in the petition the appellees were entitled to one-half of the property in Illinois received by Gillham, and since the district court of Randall county would have no jurisdiction to adjudicate a claim to land in another state, there should have been an instructed verdict against plaintiff. It is true that plaintiff's petition prays that appellant Gillham be ordered to convey an interest in the Illinois land to appellees, but there is an alternative prayer that if the property had been converted, and it was inequitable to do so, then that plaintiffs have judgment against the said Woolley and Gillham jointly and severally for the sum of $1,970; there is also a prayer for all equitable relief. We think the court was correct in overruling the general demurrers filed by both parties.

[2] By his second assignment the appellant Woolley insists that the court should have peremptorily instructed the jury to find for the defendants. The propositions submitted under this assignment are not germane to the matters contended for in the assignment itself, but since the same questions are raised in another portion of this brief, as well as in the brief of his codefendant Gillham, we will consider them here. The first contention is that, the appellees having failed to prove that a trade was made between Martin and Franks for the land in question, there was a fatal variance between the proof and the allegations, and the peremptory instruction should have been given. The fact which is alleged in the petition is that Martin's land had been sold by Woolley to Franks for a profit of $12 per acre, and the further statements as to the terms of the sale, the amount to be paid in cash, notes, and lands are allegations merely of evidence, proof of which would tend to sustain the fact, and may be treated as surplusage. This suit was not based upon the contract in writing made between Gillham and Franks. Gillham is setting up no claim whatever to any part of the profits arising from the transaction, but by his evidence shows that he occupies merely the position of a stakeholder. The statement of facts discloses that Gillham had sold the land to Martin, and there was due him something over $3,000, evidenced by two vendor's lien notes, executed by Martin, payable to him; that without the knowledge or consent of appellees, Woolley phoned Gillham to come into town, and by an arrangement between them the land was conveyed from Martin to Gillham, and from Gillham to Franks, instead of being conveyed directly from Martin to Franks. It is evident from the record that this indirect method of transferring the title was for the purpose of concealing from Martin the fact that $12 profit was being realized in the sale. It seems that plaintiff's petition was framed without actual knowledge of the terms of this contract, and notice is given in the petition to the defendants to produce it upon the trial, and we must presume that it was produced in obedience to the notice. Appellants could not have been surprised by its production in evidence, and the variance, if any, is therefore immaterial.

[3] The second contention under this assignment is that under the testimony Woolley was not to receive any money until Gillham had first realized $1,400 out of the Illinois land, and it having been shown that the land had not yet been sold, appellee was not entitled to a verdict. This contention is fully answered by the evidence of Gillham himself. He admitted upon the stand that the land was worth $25 per acre, and that the profits arising from the transaction amounted to $600. This must be held to be a definite ascertainment of the amount due Woolley and appellees under the contract.

What we have said in disposing of the second assignment also disposes of appellant's contention under his third assignment.

[4] The fourth assignment attacks the the charge of the court. The fifth paragraph of the general charge in part is: "That you must further find from the evidence that the plaintiffs were the procuring cause in securing the Martin land for sale, and if you do not so find, you will return a verdict for the defendant." If there was error in this charge, it is decidedly in favor of appellants. The question of procuring cause was only in-

cidentally an issue in this case, as we view it, under the pleadings and evidence. Appellant Gillham did not deny that $600 profit had been realized from the transaction, and that it was due some one. The issues between appellant Woolley and appellees rest upon an express contract that one should procure the land for sale and the other should procure a purchaser, and there is sufficient evidence in the record to sustain the finding of the jury that both parties have fulfilled the obligation resting upon them under this agreement. Upon this issue the court charged the jury: "Before you can find for the plaintiffs under any aspect of this case, you must find and believe that the plaintiffs, through O. I. Smith, actually made an oral contract and agreement with defendant C. V. Woolley that he would pay or allow them one-half of the proceeds of the sale of the Martin land to his purchaser, who afterwards proved to be George Franks," etc. The further charge that the jury must find from the evidence that the plaintiffs were the procuring cause in securing the Martin land for sale was clearly in appellant's favor, and, if error, was harmless.

[5] What is here said also disposes of this appellant's fifth assignment of error, complaining that the court refused to give special charge No. 1. It is further insisted under the fifth assignment of error that the court should have submitted to the jury the issue whether there was an agreement to waive all commissions under the first arrangement and look to Martin for all commissions. This proposition is not germane to the assignment, but is settled adversely to appellant's contention in the case of Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058. No affirmative defense has been pleaded by either of the appellants. In the case above cited it is said: "During the trial the defendant Gilmer testified, over the objections of plaintiff's counsel, that he proposed on one occasion to the plaintiff that if he, the plaintiff, would furnish a purchaser for the ranch of defendant and the other property for the sum of $42,500 or more, plaintiff could have all in excess of that sum for which the property sold as compensation for finding a purchaser, but that if the property sold for a less sum than $42,500 the plaintiff would receive nothing. The objection to this testimony was that the defendant had set up no such fact or facts in his answer. The objections were overruled, and the evidence admitted. This action of the court is assigned as error. Appellant's proposition under this assignment is that 'A party defendant cannot avail himself of an affirmative matter of defense not alleged and set out in his pleading,' " and the court expressly holds that such testimony did not constitute an affirmative defense; that it was admissible under a general denial. While it is true that appellants were entitled to a special charge sub-

mitting any affirmative defense, they were not entitled to the special charge requested in this instance.

The seventh assignment has already been disposed of by what we have said in disposing of the second assignment.

The eighth and ninth assignments are without merit, and are overruled.

[6] The appellant Gillham insists that no right of action has been shown against him, and the court erred in permitting a recovery against him to stand, for the reason that no writ of garnishment or other lien had been fixed by appellees upon the fund or property in his hand. If Wooley had instituted this suit against Gillham to recover the $600 admitted to be due, Gillham would have had the right to interplead the appellees and settle the question of their right to the fund in his hands. Suit having been filed by appellees, we think it is clear they had the right, not only to sue Gillham as a stakeholder, but to make any and all claimants of the funds parties to such suit. We cannot assent to the proposition that a writ of garnishment was necessary. A portion of paragraph 3 of the general charge is as follows: "It would make no difference if the transfer of the land was made from Martin to Gillham and Gillham consigned the contract of sale to Franks, if the same was done for the purpose only of facilitating the trade, and if you so find, you will find for the plaintiffs against Woolley in the proportion and for the amount stated above." A careful perusal of the entire paragraph from which this excerpt is taken convinces us that the charge is not subject to the criticism, but is a concise and fair representation of the case from the appellee's standpoint. The testimony showed without controversy that the transfer from Martin to Gillham and from Gillham to Franks was simply a matter of convenience, and to enable Gillham to protect himself in the amount due him from Martin. The further fact that the purpose of so consummating the sale was to conceal from Martin the amount received is unimportant since Martin himself is not here complaining.

The fourth paragraph of the charge is: "You cannot find for the plaintiffs against defendant H. H. Gillham unless you find from the evidence that he has received more money on sale than was due him from Martin on the land, but if he received the full price by said Franks for the land, and he had notice of plaintiffs' interest, if they had any, in the net profits, or the net amount over the sum of $23 per acre, then he is liable to plaintiffs for such amount as would equal one-half of such net profits, and it would be your duty to find such sum for plaintiffs against Gillham as you find from the evidence he is liable under this paragraph of the charge." The evidence having shown that of the $600 admitted to be due as profits $400 of said amount had already been paid

by Gillham to Woolley, the court should have limited the amount of appellee's recovery against Gillham to the balance of $200 remaining in his hands and to that extent the judgment of the lower court will be reformed, which cures the error in this part of the charge.

As we have heretofore held, the fifth and sixth assignments are without merit, and are overruled.

Appellant requested a special charge, to the effect that plaintiffs must recover, if at all, on the special contract alleged by them in their amended petition, and, unless the contract had been proved as alleged, to return a verdict for the defendants. As heretofore stated, the suit was not founded on this contract. We think the contract as alleged has been substantially supported by the evidence. The matters of evidence as set up in the petition were not reproduced from the witness stand, but the facts are fully sustained.

We have already disposed of the eighth, ninth, and tenth assignments of error by what we have heretofore said in disposing of this appellant's first assignment.

Upon a review of the entire record, it is our opinion that the judgment, below, as hereinbefore reformed, is the judgment which should have properly been rendered in the case, and because of some technical errors pointed out in the briefs, we are not willing to reverse and remand the cause.

The judgment, as reformed, is therefore affirmed.