JAMES et al. v. GOLSON.

(Court of Civil Appeals of Texas. El Paso. April 9, 1914.)

APPEAL AND ERROR (§ 387*)—APPEAL BOND—TIME OF FILING.

Under Rev. St. 1911, art. 2084, providing that an appeal may be taken by filing a bond, etc., within 20 days after the expiration of the term, but that if the term may by law continue more than eight weeks, the bond shall be filed within 20 days after the notice of appeal if plaintiff resides in the county, and within 30 days if he resides out of the county, the bond must be filed within 20 days after the adjournment of the trial court, where appellant is a nonresident and the record does not show that the judgment term could have continued for more than eight weeks, and the appeal will be dismissed where the bond was not filed within that time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064–2070; Dec. Dig. § 387.*]

Appeal from District Court, Culberson County; Dan M. Jackson, Judge.

Action between Myrtle B. James and another and B. A. Golson. From an adverse judgment, the first-named parties appeal. Appeal dismissed.

Hudspeth, Dale & McDonald, of El Paso, for appellants. Joe Irby, of Van Horn, and R. M. Reed, of El Paso, for appellee.

HARPER, C. J. The term of the court at which the judgment was rendered from which this appeal is prosecuted adjourned on the 10th day of July, 1913. The appeal bond was filed on the 5th day of August, 1913. The bond not having been filed within 20 days after the adjournment of the trial court, as required by the statute, this court has no jurisdiction to hear and determine the case, and the appeal must be dismissed. Article 2084, Rev. Civ. Stat. 1911.

The record discloses that the appellant is a nonresident of the county in which the judgment appealed from was rendered, but, under the statute above referred to, such nonresident did not have 30 days after the notice of appeal within which to file his appeal bond, because there is nothing in the record to show that the term of court at which the judgment was rendered could have continued in session for more than eight weeks, in which latter case only does the appellant have 30 days after notice of appeal is given in which to file his appeal bond. Nash v. Noble, 52 Tex. Civ. App. 425, 114 S. W. 848; Simpson v. Baker, 57 Tex. Civ. App. 460, 122 S. W. 959. For the reasons given the cause is dismissed.

Dismissed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes