HARTSOUGH–STEWART CONST. CO. et al.
v. HARTY & VOGELSANG. (No. 7086.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 4, 1916. Rehearing Denied
Feb. 24, 1916.)

1. APPEAL AND ERROR ☞387 — TIME FOR
PERFECTING APPEAL—FILING BOND.

Rev. St. 1911, art. 2084, provides that an appeal may be taken during the term at which the final judgment is rendered by giving notice of appeal in open court within 2 days after final judgment or 2 days after judgment overruling a motion for a new trial, and by filing with the clerk an appeal bond or affidavit in lieu thereof within 20 days after the expiration of the term, and that, if the term of court may by law continue more than 8 weeks, the bond or affidavit shall be filed within 20 days after notice of appeal is given if the party taking the appeal resides in the county and within 30 days if he resides out of the county. Held, that where, in a case tried at a term of court which by law could not continue more than 5 weeks, the appeal bond was not filed within 20 days after adjournment, the appellate court did not acquire jurisdiction of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064–2070; Dec. Dig. ☞387.]

2. APPEAL AND ERROR ☞387—TIME FOR PER-
FECTING APPEAL—FILING BOND.

Under Rev. St. 1911, art. 2084, the 30 days allowed a nonresident appellant in which to file his appeal bond applies only in cases where the term of court may continue longer than 8 weeks, and in such cases runs from the date of final judgment, and not from the expiration of the term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064–2070; Dec. Dig. ☞387.]

Appeal from District Court, Matagorda County; Saml. J. Styles, Judge.

Action between the Hartsough-Stewart Construction Company and others and Harty & Vogelsang. From an adverse judgment, the construction company and others appeal. Appeal dismissed.

Stewarts, R. W. Houk, and C. C. Crocker, all of Houston, for appellants. R. R. Lewis and Krause & Wilson, all of Bay City, for appellee.

McMEANS, J. This case was tried in the district court of Matagorda county at a term ending on the 6th day of February, 1915. The term could not by law continue more

than five weeks. Article 30, § 23, Revised Statutes 1911. The appeal bond was filed in the trial court on March 1, 1915, more than 20 days after the expiration of the term.

[1] Article 2084 of the Revised Statutes, which regulates appeals to this court, is as follows:

"Art. 2084. An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, and bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

This court has not acquired jurisdiction of this appeal because the bond was not filed within 20 days after the adjournment as required by said article. Railway v. Whatley, 99 Tex. 129, 87 S. W. 819.

[2] It will be observed that by the article the 30 days allowed a nonresident appellant in which to file his appeal bond applies only in cases where the term of the court may continue longer than 8 weeks, and in such cases the time in which they may perfect their appeal begins to run from the date of final judgment, and not after the expiration of the term. Nash v. Noble, 52 Tex. Civ. App. 425, 114 S. W. 848; Simpson v. Barker, 57 Tex. Civ. App. 460, 122 S. W. 959.

The appeal is dismissed.