## YOUNT et al. v. FAGIN. (No. 624.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 9, 1920.)

Appeal and error &=387(3) — Appellants required to file bond within 30 days after notice of appeal given.

Where the term of court at which judgment was rendered might have continued more than 8 weeks, and did continue more than 8 weeks after trial was begun, and some of the defendants did not reside in the county, under Rev. St. 1911, art. 2084, defendant appellants were required to file appeal bond within 30 days after their notice of appeal was given to give the Court of Civil Appeals jurisdiction.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by H. L. Fagin against F. M. Yount and others. From judgment for plaintiff, defendants appeal. Appeal dismissed.

Collins & Morris and W. W. Cruse, all of Beaumont, for appellants.

W. D. Gordon, O. S. Parker, and M. S. Duffie, all of Beaumont, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment of the district court of Jefferson county (Fifty-Eighth district), and must be dismissed for lack of jurisdiction in this court to entertain it. The appellees, as plaintiffs below, brought the suit against the appellants, as defendants, and had judgment against appellants for the relief sought. The date of the judgment was December 19, 1919, and on the same day appellants gave notice of appeal to this court. Within two days thereafter appellants filed their motion for a new trial, which motion was overruled on February 12, 1920, but no notice of appeal was then given. On March 3, 1920, appellants filed their appeal bond. Thus it appears that approximately 74 days elapsed after the only notice of appeal was given before the appeal bond was filed.

The term of the court at which the judgment was rendered might have continued more than 8 weeks, and did, in fact, continue more than 8 weeks after the trial below was begun. Some of the defendants did not reside in Jefferson county. Therefore, under the law (R. S. art. 2084), appellants were required to file their appeal bond within 30 days after their notice of appeal was given, which, as above shown, they failed to do. This court, therefore, has no jurisdiction to entertain the attempted appeal, and it must be dismissed, and it will be so ordered. Smith v. Van Slyke, 138 S. W. 810; Horn v. M., K. & T. Ry. Co., 201 S. W. 1101; Texas Seed & Floral Co. v. Chicago Set & Seed Co., 178 S. W. 731.

Appeal dismissed.