## PORTER v. CITIZENS' STATE BANK OF TOYAH. (No. 10536.)*

(Court of Civil Appeals of Texas. Fort Worth. March 10, 1923. Rehearing Denied April 14, 1923.)

Appeal and error ⟂387(3)—Act requires filing of bond 20 days after notice of appeal if the term "continue more than eight weeks" from its beginning.

In Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, requiring filing of appeal bond within 20 days after the expiration of the term at which the judgment appealed from is rendered, but providing that, "if the term of the court may by law continue more than eight weeks," the bond shall be filed within 20 days after notice of appeal is given, if the appealing party resides in the county, the phrase "if the term of the court may by law continue more than eight weeks" does not mean continue after the judgment is entered, but means continue from the beginning of the term.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action between the Citizens' State Bank of Toyah, Tex., and C. W. Porter and another. From adverse judgment, Porter appeals. On motion to dismiss the appeal. Appeal dismissed.

Burkett, Orr & McCarty, of Eastland, for appellant.

Grisham Bros., of Eastland, for appellee.

BUCK, J. Appellee has filed a motion to dismiss the appeal, because, as alleged, the appellant did not file his appeal bond within 20 days after giving notice of appeal. The Eighty-Eighth judicial district court, under the law, began the term at which this case was tried September 4, 1922. The succeeding term began November 6th thereafter. The term ended November 4th. Thus, under the law, the term could and did continue from its beginning more than eight weeks. Judgment against Porter and Muse was entered October 3d. The cause being tried before the

court, no motion for new trial was filed. Porter has appealed.

Article 2084, V. S. Tex. Civ. Statutes, reads as follows:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on .the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking ·the appeal resides in the county, and within thirty days, if he resides out of the county."

It is shown that appellant, Porter, resided at the time of the trial in Eastland county. Appellant urges with a good deal of plausibility that the phrase in the above statute, "if the term of the court may by law continue more than eight weeks," means continue after the judgment is entered, and not from the beginning of the term; that either meaning could be given to it, but that, since this statute is remedial in its character, that meaning should be given which is most favorable to the right granted. If it were an open question, we might feel inclined to favor the construction contended for by appellant, but the contrary construction seems to have been adopted by the Supreme Court and the several Courts of Civil Appeals.

In El Paso & Northeastern Ry. Co. v. Whatley, 99 Tex. 128, 87 S. W. 819, the Supreme Court, speaking through Judge Brown, said:

"If the term of the court may by law continue more than 8 weeks, the bond, or affidavit in lieu thereof, shall be filed within 20 days after notice of appeal is given, if the party taking the appeal resides in the county, and within 30 days if he resides out of the county" —citing cases.

In that case notice of appeal was given June 13, 1904. The court could have under the law continued until the first Monday in July. The appeal bond was filed July 16, 1904. If the first Monday came on the first of July, only 15 days had elapsed from the adjournment of court before the appeal bond was filed. To the same effect is Mara v. Branch (Tex. Civ. App.) 127 S. W. 1076, by the Texarkana Court of Civil Appeals. In the latter case the notice of appeal was given January 11, 1909. The appeal bond was filed February 16th. The term began November 30. 1908, and could have continued more than 8 weeks from its beginning, but did not and could not have continued more than 8 weeks

from the date of giving of the notice of appeal. The appeal was dismissed. Many other authorities might be cited, such as Hillman v. Galligher, 52 Tex. Civ. App. 41, 113 S. W. 321, and Sanger v. Burke (Tex. Civ. App.) 44 S. W. 871; but we think the authorities quoted from are sufficient.

The appeal is dismissed.