## ROSE MFG. CO. v. SHAHADY. (No. 7076.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1924.)

1. **Appeal and error ⬅⬆387(3)—Appeal bond to be filed in 20 days after expiration of term where term could not continue more than 8 weeks.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, where term of trial court could not by law continue more than 8 weeks, appeal bond must be filed within 20 days after expiration of the term; time being extended to 30 days after notice of appeal only where by law the term could continue more than 8 weeks, and appellant resides out of the county.

2. **Appeal and error ⬅⬆792—No jurisdiction where appeal bond not seasonably filed.**

Failure to file appeal bond in time required by statute defeats jurisdiction of the appellate court, necessitating dismissal of cause, when the court ascertains the fact, even at a subsequent term, though appellee does not call attention thereto.

Appeal from District Court, Webb County; John L. Dannelley, Judge.

Action between the Rose Manufacturing Company and J. Shahady. From an adverse judgment, the former appeals. Appeal dismissed.

H. G. Dickinson, of Laredo, for appellant.
Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for appellee.

FLY, C. J. [1] This case was tried at a term of the district court of the Forty-

Ninth 'district, which began on May 7, 1923, being the thirteenth Monday after the first Monday in February, and adjourned on June 30, 1923. Under the law it could have continued in session for 8 weeks. Under the law, if the term of the court may continue more than 8 weeks, the appeal bond or affidavit in lieu thereof shall be filed within 20 days after notice of appeal is given, if the party taking the appeal resides in the county, and within 30 days if he resides out of the county. Vernon's Sayles' Civ. Stats. art. 2084; Nash v. Noble, 52 Tex. Civ. App. 425, 114 S. W. 848; Simpson v. Baker, 57 Tex. Civ. App. 460, 122 S. W. 959; Brown v. Allen (Tex. Civ. App.) 135 S. W. 601; James v. Golson (Tex. Civ. App). 165 S. W. 896; Hartsough v. Harty (Tex. Civ. App.) 183 S. W. 1; Yount v. Fagin (Tex. Civ. App.) 225 S. W. 591.

[2] The effect of a failure to file an appeal bond, as required by the statute, is to defeat the jurisdiction of the appellate court, and the cause must necessarily be dismissed. This court could not acquire jurisdiction of a cause because the appellee did not call its attention to the failure to file the appeal bond in time. It is a matter that goes to the jurisdiction, and, whenever the court ascertains the lack of jurisdiction, the cause will be dismissed. Farmer v. McKinley (Tex. Civ. App.) 208 S. W. 408; Fryer v. Headlee (Tex. Civ. App.) 218 S. W. 654; White v. Day (Tex. Civ. App.) 230 S. W. 843. .

The appeal will be dismissed in the absence of the statutory bond even at a subsequent term. Nunez v. McElroy (Tex. Civ. App.) 184 S. W. 531; Edens v. Cleaves (Tex. Civ. App.) 206 S. W. 722.

The district court in Webb county, which tried this cause, could not by law continue more than eight weeks, and therefore appellant, no matter whether it resided in Webb county or not, in order to perfect its appeal was required to file its appeal bond within 20 days after expiration of the term. The term expired on June 30, and appellant filed its appeal bond on July 24, 23 days thereafter.

This court has no jurisdiction of the cause, and it is accordingly dismissed.