**BRAZELL v. IRENE INDEPENDENT SCHOOL DIST. et al. (No. 189.)**

(Court of Civil Appeals of Texas. Waco. July 6, 1925. Rehearing Granted Nov. 5, 1925.)

**1. Appeal and error ⬧387(2)—No jurisdiction to hear appeal where appeal bond not filed in time.**

Where Rev. St. 1911, art. 2084, allowed 20 days after adjournment of term to file appeal bond, or 30 days in case of nonresident, and appeal bond was filed 57 days after giving notice of appeal, it was insufficient to confer jurisdiction to determine appeal, in view of Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 30, subd. 66.

**2. Appeal and error ⬧797(1)—Appeal dismissed, though lack of jurisdiction first noted on motion for rehearing.**

Though jurisdiction of court was not questioned until motion for rehearing, where court lacked jurisdiction to hear appeal, it will be dismissed.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by I. T. Brazell against the Irene Independent School District and the First National Bank of Irene. From a judgment sustaining exceptions of the bank to the petition and granting a plea in abatement and judgment for the School District on the merits, plaintiff appeals. Appeal dismissed.

Hurt & Jacks, of Dallas, for appellant.
Frazier & Averitte, of Hillsboro, for appellees.

GALLAGHER, C. J. Appellant, I. T. Brazell, brought this suit in the district court against appellees, Independent School District and the First National Bank of Irene, in which suit he sought recovery against both of said appellees in the sum of $19,716.62. He sought such recovery against the school district on the ground that the same was the balance due him on a certain contract for the erection of a schoolhouse for said district. He further alleged, upon information and belief, that the sum of money so sued for was held by appellee bank, either to the credit of the school district or to the credit of appellant. In this connection he further alleged, on information and belief, that the school district had theretofore issued certain checks or warrants drawn by it upon said bank in favor of appellant, amounting in the aggregate to the sum so sued for, and had delivered the same to said bank. He further alleged that while said checks or warrants were by their terms payable to him, that none of the same had been delivered to him, indorsed by him, or even seen by him, but that they had all been delivered directly to said bank. He alleged that said checks or warrants were each drawn on some particular fund belonging to said district in the hands of said bank. While not affirmatively alleged, it is necessarily inferred from appellant's allegations, taken as a whole, that said bank was at that time the duly qualified and acting treasurer or depository of the funds of said district, and that as such depository it had in its hands funds belonging to said district and subject to be applied to the payment of said checks or warrants, sufficient to discharge the same. He prayed for judgment against both the school district and the bank for said balance so claimed to be due. Appellant also sought to have appellees restrained by injunction from taking certain action in the premises, which he alleged they were threatening to take, and would take, if not so restrained, but the nature of the relief so prayed for is immaterial to the disposition of this appeal. Appellant, by supplemental petition, alleged that the school district had appointed the said bank its agent in the premises, and had turned over to it certain of the moneys owed by said district to appellant for the performance of his contract, and that the school district and the bank were claiming that they had expended all the balance due him on said contract in the payment of labor and material bills incurred by him in executing the same. He alleged that such action was without his knowledge or consent, except as to some particular items, and asked for an accounting by both the school district and the bank, and that they be required to show how much of such moneys had been so expended and for what purposes, and to further show by what authority such expenditures were made.

---

(276 S.W.)

Appellees, who were represented by the same counsel, filed a joint answer to appellant's petition. Appellee bank also filed a plea in abatement, in which it excepted to appellant's petition on the ground of misjoinder of causes of action and parties defendant. The court sustained said exception, and abated appellant's suit as to said bank.

Appellee school district then filed a supplemental answer, in which it alleged that it had been directed by appellant to deposit all moneys owed by it to appellant under his said contract in the said First National Bank of Irene, Texas, to his credit, to be used by his representatives in the construction of said building, and that it had turned over the entire sum due appellant under said contract to said bank under and by virtue of said instruction, and that all the money so turned over to said bank had been checked out by appellant or by his repesentatives, and that it, the said district, was not indebted to appellant in any sum whatever.

There was a trial by the court and judgment in favor of the school district, it being the only remaining defendant in the cause. The case is before us for review on appeal.

Appellant complains of the action of the court in abating his suit against said bank. Such action having been had in response to an exception, appellant's contention must be determined by the allegations of his pleadings. He alleged that each of said checks or warrants was drawn on some particular fund in the hands of the bank and belonging to said school district. One of the same was alleged to have been by its terms payable out of the school district's fire insurance account, one out of its bond account, and several of the remainder out of its building fund in the hands of said bank. The drawing of such checks or warrants on said particular funds as between the parties amounted to an equitable assignment of a sufficient amount of each such fund, respectively, to discharge the check or checks so drawn upon the same. Harris County v. Campbell, 68 Tex. 22, 27, 3 S. W. 243, 2 Am. St. Rep. 467; Hess & Skinner Engineering Co. v. Turney, 110 Tex. 148, 154–155, 216 S. W. 621; New York Life Ins. Co. v. Patterson & Wallace, 35 Tex. Civ. App. 447, 80 S. W. 1058, 1061 (writ refused); A. A. Fielder Lumber Co. v. Smith (Tex. Civ. App.) 151 S. W. 605, 607, 610; Central Bank & Trust Co. v. Davis (Tex. Civ. App.) 149 S. W. 290, 291. While such assignments, under the allegations of appellant's petition, did not extinguish the debt owed by the district to him, they were sufficient to support a suit by appellant directly against the bank for the amount thereof. Appellant's suit was in effect an action against the district for an alleged balance due on contract, and against the bank to recover moneys in its hands which had been assigned to appellant by the district to be applied in satisfaction of its indebtedness to him. He was suing for a single debt, and had a right to seek in one suit a recovery against all parties liable for the payment of the same, or any part thereof, though such liability accrued in different ways. O'Shea v. Twohig, 9 Tex. 336, 342; Floyd v. Patterson, 72 Tex. 202, 207, 10 S. W. 526, 13 Am. St. Rep. 787; Mathonican v. Scott & Baldwin, 87 Tex. 398, 400, 28 S. W. 1063; Love v. Keowne, 58 Tex. 191, 198, and 200–203; Skipwith v. Hurt, 94 Tex. 322, 332–334, 60 S. W. 423; National Bank v. Texas Investment Co., 74 Tex. 421, 433, 12 S. W. 101; Kunz v. Ragsdale (Tex. Civ. App.) 200 S. W. 269, 270; Bowden v. Bridgman (Tex. Civ. App.) 141 S. W. 1043, 1044; Woolley v. Canyon Exch. Co. (Tex. Civ. App.) 159 S. W. 403, 405 (writ refused); Roberts v. Abney (Tex. Civ. App.) 189 S. W. 1101, 1102 (writ refused); Harless v. Haile (Tex. Civ. App.) 174 S. W. 1020, 1022, 1023 (writ refused). Such right to join both defendants in one suit was a valuable one to appellant. In the case of separate suits, the proceedings, evidence, and judgment in one would not be binding on the defendant in the other, and between the two appellant might fail to obtain the relief, if any, to which he may be entitled. Love v. Keowne, supra, page 198; Skipwith v. Hurt, supra, page 333 (60 S. W. 423).

The court erred in the ruling here considered, and for that reason its judgment is reversed and the cause is remanded for another trial.

## On Motions for Rehearing and to Dismiss Appeal.

[1] Appellees have filed herein a motion for rehearing and in addition thereto a motion to dismiss this appeal. This cause was tried at the March term, 1924, of the district court of Hill county. The judgment appealed from was rendered March 20, 1924. Notice of appeal was given at that time. That term of said court adjourned April 19, 1924. Appellant filed his appeal bond May 16, 1924. The statute fixing the terms of the district court of Hill county which was in force at the time provides that a term shall begin on the first Monday in March of each year, and that the same may continue in session for a period of 7 weeks, or until the business is disposed of. Said statute further provides that another term of said court shall begin on the first Monday in May of each year. Complete Texas Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 30, subd. 66. Appellant was allowed by law a period of 20 days only after adjournment of said term in which to file his appeal bond. Said period of time expired May 9, 1924. His appeal bond was not filed within the time allowed by law for perfecting an appeal from said judgment, and the same was insufficient to confer jurisdiction upon this court to hear and determine this appeal. Revised Statutes 1911, art. 2084; Dilworth v. Steves & Son, 107 Tex. 73, 174 S. W. 279;

Simpson. v. Baker, 57 Tex. Civ. App. 460, 122 S. W. 959; James v. Golson (Tex. Civ. App.) 165 S. W. 896; Hartsough-Stewart Const. Co. v. Harty & Vogelsang (Tex. Civ. App.) 183 S. W. 1.

Appellant, in reply to said motion, contends that said statute, properly construed, permitted said court to remain in session for more than 7 weeks if the business was not sooner disposed of, and that, inasmuch as, in the year 1924, 9 weeks elapsed between the beginning of the March term and the date fixed for the beginning of the May term of said court, said March term was one which might by law continue for more than 8 weeks, and that he, as a nonresident of the county in which said court was held, had 30 days after giving notice of appeal in which to file his appeal bond. We do not agree with his contention that said term might by law have continued more than 8 weeks, but if it were sound, it would not save his appeal in this case. In such case he would have been required in any event to file his appeal bond within 30 days after giving such notice. Such bond was not filed until some 57 days after giving such notice, and was therefore insufficient to confer jurisdiction on this court. Article 2084, supra. El Paso & Northeastern R. R. Co. v. Whatley, 99 Tex. 128, 87 S. W. 819.

[2] Notwithstanding the jurisdiction of this court was not questioned until the filing of these motions, it is our duty now to take notice of our lack of jurisdiction of this appeal. The motion for rehearing is therefore granted and the appeal herein dismissed. Dilworth v. Steves & Son, supra.