## BAILEY v. WOODRUM TRUCK LINES.

### No. 12394.

Court of Civil Appeals of Texas. Fort Worth. Dec. 13, 1930.

Rehearing Denied Jan. 17, 1931.

Robert H. Hopkins, of Denton, and W. F. Smith, of Oklahoma City, Okl., for appellant.

Collins & Houston, of Dallas, and Sullivan, Speer & Minor, of Denton, for appellee.

On Appellee's Motion to Dismiss Appeal.

BUCK, J.

Appellee has filed a motion to dismiss the appeal in this case on the ground that the order overruling appellant's motion for a new trial was made on the 20th day of December, 1929. Court adjourned on the 21st day of December, 1929. The appeal bond was filed on the 11th day of January, 1930. Article 2253 of the Rev. Civ. Statutes of 1925, as amended by the Fortieth Legislature, c. 15, p. 21, § 1, requiring the filing of appeal bonds, reads as follows:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

It is urged that the filing of the bond within 20 days after adjournment of court is jurisdictional. Kolp v. Shrader (Tex. Civ. App.) 168 S. W. 464; Hartsough-Stewart Const. Co. v. Harty & Vogelsang (Tex. Civ. App.) 183 S. W. 1; Edens v. Cleaves (Tex. Civ. App.) 206 S. W. 722. It is urged that the statute extending the time for filing to thirty days applies only when the term of court at which the case is tried lasts more than eight weeks, and has no application in this case. Rose Mfg. Co. v. Shahady, 258 S. W. 207, by the San Antonio Court of Civil Appeals.

Appellant has filed a reply to the motion, in which the attorney for the appellant makes this affidavit:

That the appellant was at the time of the trial a resident of Weslaco in Hidalgo county,

Tex.; that at the time of the institution of this suit he was a resident of Seminole, Okl.; that, immediately after the motion for a new trial had been overruled in said cause and notice of appeal given to this court, the attorney for appellant prepared an appeal bond and mailed the same to the appellant at Weslaco, Tex., and that the same was executed by the appellant and his sureties and returned to his attorney within due course; that appellant's attorney does not remember the exact date on which the same was returned to him, but does make oath that he received the same at Denton, Tex., several days before the 10th day of January, 1930, and that, immediately upon receipt of the same he took the same to the district clerk and presented the same for approval, inasmuch as the bond had been made without the county; that the appellant had the same certified by the proper officer in Hidalgo county as to the solvency of the sureties, and this matter was discussed with the clerk at the time of the delivery of said bond to him, and he stated that under said certificate he was satisfied as to the solvency of said sureties; that said bond was left with the clerk, the exact date is not known to affiant, but he does state that it was several days before the 10th day of January, 1930, and is under the impression that it was prior to, or just after, January 1, 1930, and he presumed that the same was filed as of that date and that he did not learn until this motion was filed that the same showed to have been filed as of date January 11, 1930.

Affiant further states that, at the time he left the bond with the clerk, he stated to him that he desired the bond filed within twenty days after the date of the court's adjournment, and if the clerk desired to make any further investigation as to the sureties thereon, that it would be all right with the appellant, but that the same must be filed within the twenty days, and the clerk then stated that he was satisfied from the certificate accompanying said bond that said sureties were sufficient. Affiant further states upon oath that said bond was duly deposited with, and approved by, said clerk long before January 10, 1930.

We think that this affidavit makes it apparent that the bond was filed within twenty days after the adjournment of the court.

■ A mortgage is "filed," within Wilson's Rev. & Ann. St. Okl. 1903, § 1284, when it is delivered to the proper officer and by him received for the purpose of being recorded, and the neglect or mistake of the register of deeds in recording the instrument does not affect the mortgagee. Covington v. Fisher, 22 Okl. 207, 97 P. 615, 617. A paper or document is said to be "filed" when it is delivered to the proper officer and lodged by him in his office. Barber Asphalt Paving Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25, 29. A paper is "filed" when it is delivered to the proper officer and by

him received to be kept on file. See authorities cited in 2 Words & Phrases, Second Series, p. 531.

Therefore the motion to dismiss is overruled.

DUNKLIN, J., absent and not sitting.

### On the Merits.

DUNKLIN, J.

A collision occurred between an automobile driven by F. G. Bailey and a Ford truck owned by the Woodrum Truck Lines, a copartnership composed of J. B. Woodrum and Elbert Woodrum. At the time of the collision O. W. Hampton, an employee of the partnership firm, was driving the truck which was then being used in the prosecution of the firm's business. The collision occurred on the highway connecting the cities of Denton and Gainesville, while Bailey was traveling in a northerly direction and the truck was traveling in a southerly direction. The two cars met and collided with each other on the west edge of the paved highway, and, as a result thereof, both were damaged and both drivers sustained personal injuries.

This suit was instituted by Bailey against the owners of the truck to recover damages for his personal injuries and for injury to his car, and he has prosecuted an appeal from a judgment denying him any relief.

In answer to special issues submitted, the jury returned findings that the driver of the truck was not guilty of the negligence on which plaintiff based his suit in the manner he was operating the truck just prior to, and at the time of, the collision. There were further findings that plaintiff was not guilty of the alleged contributory negligence on his part, which was pleaded by the defendant, and that the collision was an unavoidable accident.

Issue No. 4 was the one embodying the defense of unavoidable accident, which was submitted with express reference to this definition given in paragraph 5 of the charge:

"An unavoidable accident as that term is used in this charge is one which could not have been foreseen and prevented by a person by the exercise of ordinary diligence, and being one that results without fault on the part of either party."

Plaintiff objected to the submission of that issue in the following language:

"The evidence in this case does not raise the issue of unavoidable accident and the court erred in the 5th paragraph of his charge wherein he defines unavoidable accident, and he also erred in submitting special issue No. 4 in his charge, for the reason, as before stated, the evidence in this case does not raise these issues."

■ "Unavoidable accident" is a legal phrase applicable to different situations, and when used in the court's instructions to a jury it becomes necessary to give further instructions in order that it may be properly applied in determining the issues of fact involving that defense. Hence we fail to perceive the necessity of using the term "unavoidable accident" in submitting that defense to a jury; it being the duty of the court to submit to the jury separately a fact or group of facts upon which a finding may be made which will show a right of recovery on the part of the plaintiff or a defense to that right on the part of the defendant. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Id. (Tex. Civ. App.) 196 S. W. 647, 648, and authorities there cited. Indeed, we believe it to be the better practice to submit the issues of fact involved in the defense of assumed risk and omit the use of the term as being unnecessary, and possibly tending to impress the jury with the fact that the truck driver owed to plaintiff a higher duty than the exercise of ordinary care to avoid the collision.

The observation just made is illustrated in the decision of our Supreme Court in G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534, 538, in which the judgment of the trial court was reversed for failure of the trial judge to submit the issue raised by the evidence as to whether or not plaintiff's fall under a moving train was caused by his stumbling and falling while standing by the side of the track waiting for the train to pass; plaintiff's suit being based upon the alleged negligence of the defendant in maintaining a defective plank crossing over its track, and by reason of which plaintiff's foot was caught in an open hole in the plank, and, while he was trying to extricate his foot, he was run over by the engine and cars, and both his legs were cut off. The defendant had introduced the deposition of the plaintiff and also his ex parte affidavit to the effect that, while standing near the track, his foot stumbled, and by reason thereof both of his legs went under the passing train. On appeal, the Court of Civil Appeals (25 Tex. Civ. App. 600, 63 S. W. 538, 542) held that the judgment should be reversed for failure to submit the requested issue, saying in part:

"The issue of unavoidable accident was clearly raised by this evidence, and such issue was not submitted to the jury by the court in his main charge."

Our Supreme Court, after quoting the above from the opinion of the Court of Civil Appeals, said:

"We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it; and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident, or that the injury had occurred in a manner not alleged and claimed by the plaintiff, neither of which issues was expressed in the charge of the court. While it is true that the general terms in which the court's charge is expressed would, as matter of law, include the defenses presented by the special charge, it is apparent that the judge who tried the case believed that the charges on contributory negligence embraced the special charge, which position is strenuously contended for by counsel for appellee; and it is not to be supposed that the jury considered an issue not developed by the charge of the court. Under such circumstances the defendant had the right to call upon the court to submit specifically the group of facts and circumstances which raised the issues expressed in the special charge. Without this protection, the jury, in rendering a general verdict under a charge so general as that given, may have disregarded a defense which they might have given effect to if it had been brought to their attention. The facts of this case and the character of the charge are such as to render the refusal of the requested charge a serious deprivation of a valuable right from which we cannot say injury did not result."

That decision of our Supreme Court has been cited by the appellate courts of this state in almost every decision in which the defense of "unavoidable accident" was involved, and in most instances the opinion was interpreted as indicating that the requested instructions presented the defense of unavoidable accident, as held by the Court of Appeals. But we do not so believe.

■ It is our conclusion that unavoidable accident as a defense separate and distinct from the issues of negligence is not merely by the evidence pro and con, bearing on the issue of negligence. It becomes a separate and distinct issue for submission to the jury in a proper form in the event only of the introduction of some evidence tending to show that the injury complained of resulted solely from some condition or act for which the defendant is not chargeable, such as in the Washington Case, supra; or that it resulted from some unknown and wholly conjectural cause; or in some manner that cannot be explained, as was true in such cases as C. & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Magnolai Petroleum Co. v. Ray (Tex. Civ. App.) 187 S. W. 1085; K. C. M. & O. Ry. Co. v. Swift (Tex. Civ. App.) 204 S. W. 135; Northern Texas Traction Co. v. Adams (Tex. Civ. App.) 241 S. W. 275; American Glycerin Co. v. Kenridge Oil Co. (Tex. Civ. App.) 295 S. W. 633.

In the present suit, there was no evidence introduced tending to support the defense of unavoidable accident, properly interpreted, as a separate and distinct defense from the issues of negligence and contributory negligence; all of the evidence being pertinent

to those issues and the measure of damages. Hence there was no proper basis for submitting the defense of unavoidable accident in any form, as a separate and independent defense. Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080; Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733; Northern Texas Traction Co. v. Armour (Tex. Civ. App.) 290 S. W. 544; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 280 S. W. 887; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 299 S. W. 665. It is to be noted that in each of the decisions just cited the ruling was made that there was no error in failing to submit the issue of unavoidable accident—the rulings were not that error was committed in submitting the issue.

■ However, we have reached the conclusion that the submission of the issue of unavoidable accident, with the definition given by the court in connection therewith, could not reasonably have resulted in harm to the plaintiff; especially since the finding under the first issue submitted, in substance, that defendant was not guilty of the negligence on which plaintiff's suit was based, was itself a separate and full defense to plaintiff's action. G., H. & S. A. Ry. Co. v. Gormley (Tex. Civ. App.) 35 S. W. 488; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; G., H. & H. Ry. Co. v. Sloman (Tex. Civ. App.) 195 S. W. 321.

In rebuttal of the testimony of plaintiff's witness, Sidney Willis, which tended to show that the collision resulted from the negligence of defendant's truck driver, the defendant introduced Ted Lewis, the sheriff, who testified that he had gone to the place where Willis said he was when he witnessed the accident, and that, by reason of certain natural obstructions to his view, it would have been impossible for Willis, from that location, to see the two cars as they approached the place of collision. After introducing that testimony, counsel for defendant in open court and in the presence of the jury offered and requested the court to permit the jury to go to the place of the accident and there view the surroundings. Plaintiff's counsel objected to the granting of the request so made, and, notwithstanding its refusal by the court, took a bill of exception to the action of defendant's counsel in making the offer in the presence of the jury, on the grounds, first, that it is not permissible for the jury to take such action while trying a case; and, second, because the refusal of plaintiff's counsel to agree to the offer so made by defendant's counsel would likely be considered by the jury as an admission of the truth of what defendant's witness Ted Lewis had testified on the point in question.

■■ On the issue as to whose fault it was that brought about the collision, the evidence was sharply conflicting. The testimony of several witnesses for the plaintiff would support a finding that the collision was the result of negligence of the truck driver, while according to the testimony of several witnesses offered by the defendant it was occasioned through negligence of plaintiff and not through any negligence on the part of defendant. Manifestly, it would have been error for the court to grant the request of defendant's counsel to have the jury go out and view the place of the accident with its surroundings. Numerous decisions might be cited in which judgments were reversed on account of the action of the jury in viewing the premises where accidents occurred, resulting in suits for damages, while they were deliberating on their verdicts; such action being misconduct of the jury. To allow the jury to view the premises and to be governed or influenced by what they themselves discovered, thus making themselves witnesses, would be in violation of their duty to reach a verdict from the evidence heard on the witness-stand and instructions of the trial court. Furthermore, it would be impossible to put into the record the facts so discovered by the jury on an investigation made by them. Clearly, plaintiff's counsel had the legal right to object to the granting of the motion made by defendant's counsel, and plaintiff should not be prejudiced for exercising that legal right; yet his refusal to agree to that action by the jury might probably be construed by them as an admission that the testimony of plaintiff's witness Sidney Willis was untrue. We can perceive of no reason, in principle, for distinguishing the action of defendant's counsel, noted above, and thus placing plaintiff's counsel in a situation which the jury might construe as an admission against the interest of his client, from an argument made to them on facts not introduced in evidence, or from an erroneous admission of evidence. Since the action taken was reasonably calculated to prejudice the right of plaintiff, such an injury will be presumed, in the absence of any showing in the record that it did not operate to plaintiff's harm. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765.

For this error, the judgment of the trial court will be reversed, and the cause remanded.