BROWN et al. v. ALLEN et al.

(Court of Civil Appeals of Texas. March 1, 1911.)

APPEAL AND ERROR (§ 387*)—BOND—TIME TO FILE.

Under Rev. St. 1895, art. 1387, requiring appellant to file an appeal bond within 20 days

---

after the term, and providing that, where the term may continue for more than eight weeks, the bond shall be filed within 20 days after notice of appeal, if appellant resides in the county, and within 30 days, if he is a nonresident, the appeal bond of a nonresident appellant must be filed within 30 days after notice of appeal, where the court remained in session more than 8 weeks, otherwise within 20 days after notice of appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064–2070; Dec. Dig. § 387.*]

Appeal from McCulloch County Court; Harvey Walker, Judge.

Action between C. V. Brown and another and C. D. Allen and another. From a judgment for the latter, the former appeals. Dismissed.

A. G. Walker, for appellants. Shropshire & Hughes, for appellees.

KEY, C. J. Having heretofore sustained appellees' motion to dismiss the appeal in this case, and overruled appellants' motion for a rehearing, we now comply with appellants' request and state the reason why the motion to dismiss was sustained. That motion was predicated upon the fact that the appeal bond was not filed within the time required by law. The judgment was rendered and notice of appeal given on the 18th day of October, 1909, and the court adjourned for the term on the 4th day of November, 1909, and the appeal bond was approved and filed on the 1st day of December, 1909.

Article 1387 of the Revised Statutes of 1895 reads as follows: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered, by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days if he resides out of the county."

The motion to dismiss seems to assume that the county court of McCulloch county, wherein the judgment was rendered, might have continued in session more than eight weeks. Counsel for appellants controvert that proposition and contend that no order of the commissioners' court had been made, authorizing the county court of that county to remain in session longer than three weeks, and they have filed in this court a copy of an order of the commissioners' court made in 1907, changing the time of the four terms of the county court of that county, which counsel contend does not authorize the county court to remain in session longer than three weeks. We have not found it necessary to construe that order and determine its meaning in that regard. If it authorized the county court to remain in session more than eight weeks, then, although appellant is a nonresident of the county, the appeal bond was not filed in time, because it was not filed within 30 days after notice of appeal was given. On the other hand, if the order referred to did not authorize the county court to remain in session eight weeks, then the appeal bond should have been filed within 20 days after the court adjourned for the term, which was not done.

We note appellants' contention that the statute should be so construed as to allow a nonresident 30 days in which to file an appeal bond, regardless of how long the term of the court may last, but we cannot sanction that contention. In 1892 the statute quoted was amended by adding the provision requiring appeal bonds to be filed within a specified period after notice of appeal was given in a certain class of cases. The class of cases specified are those where judgment had been rendered by a court which might remain in session more than eight weeks. The purpose of that amendment was to require a party who had given notice of appeal to perfect such appeal within a reasonable time, or submit to the enforcement of the judgment. And inasmuch as prior to that time all appellants had been allowed 20 days after the final adjournment of the court in which to perfect their appeals, and as the amendment referred to very materially curtailed the time within which a certain class of litigants would be required to perfect their appeals, the Legislature deemed it wise and proper to allow that class of litigants who were nonresidents of the county more time than was allowed to those who resided in the county, and for that reason the former were allowed 30 days within which to file an appeal bond. It may be true, as contended on behalf of appellants, that as much reason exists for allowing all nonresident litigants more time to perfect an appeal, regardless of how long the term of the court may last; but the Legislature had the power to discriminate and accord that favor to one class of nonresident litigants, and not accord it to another class, and by the plain language of the statute under consideration that discrimination has been made. The extension of the time from 20 to 30 days within which to file an appeal bond is manifestly limited, by the very terms of the statute, to the class of cases where the time allowed is to be reckoned from the time when notice of appeal is given; and it would seem to be judicial legis-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

lation to hold that it was intended that such additional time should also·be extended to all other nonresident litigants. It· may be conceded that this is a remedial statute, and should be liberally construed wherever there may be reasonable room for doubt as to its meaning; yet, as to the question now under consideration, it is so clear and unambiguous as to require no construction.

Hence we have held and still hold that the appeal bond in this case was not filed within the time prescribed by law.