**3. Criminal law ⊝⇒1184—Judgment and sentence, including offenses other than submitted by court, must be reformed to include only offense submitted.**

Where court submitted only first count in indictment charging manufacture of liquor, judgment and sentence reciting that defendant was guilty of manufacture and possession of liquor and possession of equipment for manufacture must be reformed to adjudge defendant guilty only of offense of manufacture of liquor.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Dick Brooks was convicted of manufacturing liquor, and he appeals. Amended and affirmed.

T. A. Bledsoe, of Abilene, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Taylor county of manufacturing intoxicating liquor; punishment, one year and one day in the penitentiary.

There are no bills of exception in the record. Appellant asked a special charge, in substance, that if the jury found that appellant manufactured whisky, he could not be convicted unless they further found and believed from the evidence beyond a reasonable doubt that he did not manufacture it for medicinal purposes for his wife or himself. This charge was given.

During their deliberations the jury came in and asked the trial court in writing for further instructions upon a point deemed by them as stated in contradictory terms in the main charge and the special charge given. Thereupon the court handed the request of the jury to counsel for appellant and prepared and gave to the jury in writing the following:

"Gentlemen of the jury, you are instructed as the law that one is not permitted to manufacture intoxicating liquors for beverage purposes, but may do so solely for medicinal purposes for himself or dependent members of his family."

[1] In his motion for new trial appellant set up that while his counsel was reading the request of the jury, above referred to, the court read to the jury the further additional instruction above set out, and that said additional instruction was not submitted by the court to defendant or his counsel before being given to the jury, and no opportunity was given him to object or except to the same. In said motion he apparently states what his objections would have been to the additional charge given. The court's order overruling the motion for new trial says in terms that the court heard said motion and the evidence thereon submitted, and is of the

opinion that same should be overruled. There is no bill of exceptions before us presenting the evidence heard by the court. In the absence of some showing to the contrary, we are compelled to attribute correctness to the record evidence showing what the court did.

[2] As applicable to the facts of this case, however, we see no objection to the supplemental charge given in answer to the jury's request. No claim is made on behalf of appellant that he had any defense in this case except that he was making the liquor for medicinal purposes for himself and family.

[3] The indictment in this case contained three counts, the first charging the unlawful manufacture, the second the unlawful possession for purposes of sale, and the third the unlawful possession of equipment for manufacturing such liquor. In his charge to the jury the court submitted only the first count in the indictment. The judgment recites that appellant is guilty of the offense of manufacturing and possessing liquors and possessing equipment for the manufacture, etc.; the sentence follows the judgment. The judgment as entered will be reformed so as to adjudge the defendant guilty of the offense of manufacturing intoxicating liquor, fixing his punishment at one year and one day in the penitentiary, and the sentence will be reformed so as to follow the amended judgment.

Finding no error in the record, the judgment as amended will be affirmed.

---

**J. P. WEBSTER & SON v. LUCAS et al.***
**(No. 217.)**

(Court of Civil Appeals of Texas. Eastland. Oct. 15, 1926. Rehearing Denied Dec. 2, 1926.)

**Appeal and error ⊝⇒387(3)—Nonresident of county must file appeal bond within 20 days from adjournment of court, if term is less than 8 weeks (Rev. St. 1925, art. 2253; Rev. St. 1911, art. 2084).**

Under Rev. St. 1925, art. 2253, being a codification of Rev. St. 1911, art. 2084, nonresident of county must file appeal bond within 20 days after adjournment of term, if it continues less than 8 weeks.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Action between J. P. Webster & Son and L. C. Lucas and another. Judgment for the latter, and the former appeals. On motion to dismiss appeal. Motion sustained, and appeal dismissed.

Benson & Deon, of Breckenridge, for appellant.

Butts & Wright, of Cisco, B. L. Russell, of Baird, and Eugene Lankford, of Cisco, for appellees.

PANNILL, C. J. This cause was tried in the district court of Callahan county, which court may by law continue in session only four weeks. Appellants reside in Stephens county. Judgment was rendered on November 18th, and notice of appeal given. The term adjourned November 26th. Appeal bond was filed December 24th. Appellees have moved to dismiss the appeal because the appeal bond was not filed within 20 days after adjournment.

That part of article 2253, Revised Statutes 1925, which is applicable here, provides:

"Such bond or affidavit shall be filed with the clerk of the trial court within twenty days after the expiration of the term or after notice of appeal is given when the term continues by law more than eight weeks, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

The above is the 1925 codification of article 2084, Revised Statutes 1911, Vernon's Civil Statutes 1914, and that part of said article 2084, which relates to the part of article 2253 copied above, was as follows:

"And by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after the notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

Said article 2084, Revised Statutes 1911, was uniformly construed to require the filing of the appeal bond within 20 days after adjournment, when the appellant resided out of the county, and the term of the court could not by law continue more than 8 weeks. Nash v. Noble, 52 Tex. Civ. App. 125, 114 S. W. 848; Simpson v. Baker, 57 Tex. Civ. App. 460, 122 S. W. 959; James v. Golson (Tex. Civ. App.) 165 S. W. 896; Hartsough-Stewart Const. Co. v. Harty & Voglesang (Tex. Civ. App.) 183 S. W. 1.

It is contended by appellants that said article 2253 has changed the rule as declared in the decisions cited above, so that now the time to file an appeal bond, where the term of court lasts less than 8 weeks, is 20 or 30 days after adjournment, according to whether the appellant resides in or out of the county where the trial is had. Appellees by their motion assert that the change in the verbiage of said article has not worked a change in the law, but the law remains as it was before the codification of 1925.

It will be noticed that no punctuation marks are to be found in that part of article 2253 after the word "term" or before the word "or," and without such punctuation marks the statute is susceptible of two constructions. If the word "or" is to be regarded as merely an alternative article between the phrases "after expiration of the term" and "after notice of appeal is given," then appellants' contention would be correct. On the other hand, if said word "or" is to be regarded as a co-ordinate conjunction connecting two independent clauses, the appellees' contention is correct, because, in construing article 2253, in such case it would be necessary to supply the words "such bond or affidavit shall be filed with the clerk of the trial court within twenty days" after the word "or," and, if the words last above quoted were supplied, the statute would be construed as if it read as follows:

"Such bond or affidavit shall be filed with the clerk of the trial court within twenty days after the expiration of the term; or such bond or affidavit shall be filed with the clerk of the trial court within twenty days after notice of appeal is given when the term continues by law more than eight weeks, if the party taking the appeal resides in the county, and within thirty days if he resides out of the county."

This construction would clearly require the filing of an appeal bond within 20 days after adjournment in all cases where the term did not continue longer than 8 weeks.

The statute being susceptible of two constructions as stated, it is concluded that we cannot impute to the codifiers and the Legislature an intention to change the law, unless such intention is plainly manifest, and that we should therefore give to this statute a construction in harmony with that given to article 2084.

Therefore the motion to dismiss the appeal is sustained, and the opinion disposing of the appeal on its merits is withdrawn, and the appeal and all pending motions are ordered dismissed.