McMAHON v. MADDOX et al. (No. 11768.)*

Court of Civil Appeals of Texas. Fort Worth.
April 9, 1927.

Rehearing Denied May 21, 1927.

Motion for Leave to File Second Motion for Rehearing Overruled July 9, 1927.

1. **Appeal and error** ⬳387(3)—Statute held to give nonresident appellant 20 days after adjournment of term limited to not more than 8 weeks to file appeal bond (Vernon's Sayles' Ann. Civ. St. 1914, art. 2084).

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, nonresident appellant had 20 days in which to file appeal bond after adjournment of term of court which might not, by law, continue more than 8 weeks.

2. **Appeal and error** ⬳387(2)—Nonresident's filing appeal bond 30 days after adjournment of court term limited to 6 weeks held to require dismissal of appeal (Vernon's Sayles' Ann. Civ. St. 1914, art. 2084; Rev. St. 1925, art. 2253).

Expression "within 20 days after expiration of the term" was apparently omitted by mistake from Rev. St. 1925, art. 2253, limiting time for filing appeal bond, and such statute probably does not repeal Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, giving nonresident 20 days after expiration of term of court limited to 8 weeks or less, and appeal bond filed by nonresident 30 days after expiration of term of court limited to six weeks was ineffective to give appellate court jurisdiction, and dismissal of appeal based thereon is necessary.

On Appellant's Motion for Rehearing and to Certify.

3. **Appeal and error** ⬳387(3)—Nonresident's appeal bond, filed 30 days after end of court term limited to 6 weeks, held ineffective; "declaratory statute" (Rev. St. 1925, art. 2253, as amended by Acts 40th Leg. [1927] c. 15).

In view of previous legislative policy as exemplified in Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, giving nonresident appellant 20 days for filing appeal bond after adjournment of term of court which might not, by law, continue more than 8 weeks, Rev. St. 1925, art. 2253, relating to time for filing appeal bond which is indefinite as to time allowed nonresident to file appeal bond after end of term limited by law to less than 8 weeks, should be strictly construed to give such appellant 20 days after end of such term, especially in view of amendment thereof

by Acts 40th Leg. approved Feb. 11, 1927 (Acts 1927, c. 15), giving such appellant 20 days, last statute being a "declaratory statute," which means one passed in order to put an end to doubt as to what is common law or meaning of another statute; declaring what it is and ever has been.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Declaratory Statute.]

Appeal from District Court, Montague County; Vincent Stine, Judge.

Suit between H. E. McMahon and J. W. Maddox and others. From an adverse judgment, H. E. McMahon appeals. Appeal dismissed.

Latham & Newman, of Bowie, and Kay, Akin & Smedley, of Wichita Falls, for appellant.

Donald & Donald, of Bowie, for appellee Maddox.

W. B. Hamilton, of Dallas, Benson & Benson, of Bowie, G. R. Pate and W. E. Whightsel, both of Wichita Falls, for appellee Texhoma Oil & Refining Co.

BUCK, J. At a former day of this term, we had before us a motion by appellee to dismiss the appeal for want of jurisdiction. We overruled said motion at that time, but it is urged again in appellees' brief. And we have again considered the motion, and have concluded that we erred formerly in overruling it.

The grounds of the motion are as follows:

This cause was tried in the district court of Montague county, whose term, under the law, may continue not longer than 6 weeks. The term at which this cause was tried ended on May 15, 1926. The appellant, H. E. McMahon, was a nonresident of the county, living at Gainesville, Cooke county. He filed his bond on June 14, 1926, just 30 days after the adjournment of the term of court. Was the appeal bond filed in time to perfect the appeal? Does article 2253 of the 1925 Civil Code provide that an appellant, who is a nonresident of a county, shall have 30 days, 20 days, or only 2 days after the adjournment of the term of court, in which to file his appeal bond from a judgment of a court that may not continue more than 8 weeks?

Article 2253 reads as follows:

"In cases where an appeal is allowed, the appellant shall give notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which notice shall be noted on the docket or record in the minutes of the court, and filed with the clerk together with an appeal bond or affidavit in lieu thereof as provided by law. Such bond or affidavit shall be filed with the clerk of the trial court within twenty days after the expiration of the term or after notice of appeal is given when the term continues by law more than eight weeks, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

---

The article before the 1925 revision, being article 2084, Revised Statutes 1914, was as follows:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment. or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court made by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

[1, 2] It will be noted that the expression "within 20 days after the expiration of the term," at the close of the first sentence of the old statute, is omitted from the present statute. Under the former statute it has been held a number of times that a nonresident appellant had only 20 days in which to file his appeal bond after adjournment of a term of court which might not, by law, continue more than 8 weeks. See Brown v. Allen, 135 S. W. 601, by the Austin Court of Civil Appeals; Simpson v. Baker, 57 Tex. Civ. App. 460, 122 S. W. 959, by the Galveston Court of Civil Appeals; and Nash v. Noble, 52 Tex. Civ. App. 425, 114 S. W. 848, also by the Galveston Court of Civil Appeals. If this construction of the statute be correct, and we think it is, it follows that the time in which an appeal bond must be filed in this case is determined by the provisions of the first sentence in both statutes; that the last sentence has reference only to the time in which the appeal bond must be filed, where the court may continue longer than 8 weeks. Apparently, the expression "within 20 days after the expiration of the term" was omitted from the present statute by mistake or inadvertence of the codifiers or the printers. We are not inclined to impute to the Legislature the intention of cutting down the time in which the appeal bond may be filed to 2 days, after many years during which a 20-day period was allowed, without some evidence of such intention. Therefore we would be inclined to hold that the 1914 statute, in so far as it provided that the appeal bond, or affidavit in lieu thereof, should be filed "within twenty days after the expiration of the term," was not intended to be repealed, and was not repealed by the passage of the new statute. But in the present case the bond was not filed within 20 days, and, even under the old law, it would not have been filed in time, where the term of the court may continue not more than 8 weeks.

We conclude that the appeal bond was not filed in due time, and that this court obtained no jurisdiction to hear and determine the cause. Therefore the order heretofore made overruling the motion to dismiss the appeal is set aside and vacated, and the appeal in this cause is accordingly dismissed.

## On Appellant's Motion for Rehearing and to Certify.

[3] Appellant urgently argues that we were wrong in our conclusion on original hearing, and under article 2253, 1925 Revision, that one who desires to appeal from a judgment of the trial court, which may not by law continue more than 8 weeks, a nonresident appellant has not 30 days after the expiration of the term in which to file his appeal bond. On the motion to certify, he urges that, inasmuch as this is a boundary suit, and the Supreme Court may not have jurisdiction to entertain an appeal, and inasmuch as the decision heretofore rendered by us involves the construction of a statute, and inasmuch as the trial court rendered judgment upon an instructed verdict, the appellant has not had his day in court, and that an irreparable damage will be done him if in fact we were wrong in our former holding.

We have carefully considered appellant's motion for rehearing, and still are of the opinion that the appeal should be dismissed for want of jurisdiction. The Fortieth Legislature (chapter 15) amended article 2253 to read as follows:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

The emergency clause reads:

"The fact that said article 2253 of the Revised Statutes of 1925 is incorrectly worded, and the importance of the subject creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended, and said rule is hereby suspended, and that this act take effect and be in force from and after its passage, and it is so enacted."

The act was approved on February 11, 1927, and became effective on the same day. The amended act is plain and unambiguous, and construes the 1925 article against appellant's contention, and as held by us in our former opinion. This last act is merely a

declaratory statute, declaring what the meaning of the 1925 article now is and always has been.

3 Bouv. Law Dict. p. 3130, says:

"A declaratory statute is one which is passed in order to put an end to a doubt as to what is the common law or the meaning of another statute, and which declares what it is and ever has been."

See 25 R. C. L. p. 1064, § 288; 36 Cyc. p. 1142.

Since Burr v. Lewis, 6 Tex. 76, decided in 1851, the appellant, where the term of court continued by law for less than 8 weeks, has been allowed 20 days only after the expiration of the term within which to file his bond, regardless of whether he lived in or outside of the county. Hence article 2253, R. S. 1925, should be given a strict construction in order to conform with the previous long-existing legislative policy, and the policy reiterated in the article as amended by the Acts of the Fortieth Legislature. Hence we conclude that we were correct in our former holding.

We do not see that any such doubt of the correctness of our former decision exists as would justify a certification. Therefore both motions are overruled.

### On Appellant's Second Motion for Rehearing.

On June 4, 1927, we granted appellant's motion for leave to file his second motion for rehearing, inasmuch as he called to our attention the fact that a writ of error had been granted in the case of P. J. Webster & Son v. L. C. Lucas, 288 S. W. 469, decided by the Eastland Court of Civil Appeals. In that case the appellate court had decided the question herein involved, as we did on a former hearing. The Supreme Court, in an opinion by Associate Justice Pierson (296 S. W. 1089), on June 22, 1927, affirmed the judgment of the Court of Civil Appeals, and ordered the appeal dismissed. We have a copy of that opinion. In the Supreme Court opinion it is said:

"We detect no real difference in the statute as revised in the codification of 1925 from what it was in the revised statutes of 1911 and 1895. The sentence is somewhat shortened, but the wording is in essential respects the same. We can find no intent therein to change the requirements in regard to the filing of the appeal bond. It is true the change did not improve the wording of the statute. * * * We do not deem it necessary or advisable to discuss the reasons of the statute, that is, the reason why the statute should grant thirty days after adjournment of court, in terms that continue more than eight weeks, for the filing of an appeal bond, where the appellant resides out of the county, and for not allowing thirty days to those residing out of the county where the term continues less than eight weeks. For many years the court have construed these requirements uniformly, as held herein. We think the Legislature in the revi-

sion of 1925 did not change it, and in the Acts of the Fortieth Legislature restated its purpose and intent that it should continue to be as it had formerly been. While a re-enactment or restatement of a law by a subsequent Legislature is not conclusive, yet it is persuasive as to the legislative intent."

Therefore appellant's second motion for rehearing is overruled, and also the motion to certify.