## SMALL v. BROWNFIELD.
### No. 4984.

Court of Civil Appeals of Texas. Amarillo.
Jan. 30, 1939.

Rehearing Denied March 6, 1939.

L. C. Heath, of Brownfield, and Chas. T. Rowland and A. C. Heath, both of Fort Worth, for appellant.

Wilson, Randal & Kilpatrick, of Lubbock, and Joe J. McGowan, of Brownfield, for appellee.

STOKES, Justice.

Appellee has filed in this court a motion to dismiss this appeal, alleging that the court does not have jurisdiction of the case. An inspection of the record reveals that the district court of Terry County convened on the third Monday in January, 1938, for a term which, under Art. 199, R.C.S., 1925, Vernon's Ann.Civ.St. art. 199, continued in session for four weeks. The case was tried before a jury and judgment entered on February 11, 1938, next to the last day of the regular term. Appellant filed a motion for a new trial February 12, 1938, which was the last day of the statutory term. The transcript reveals no order of the trial judge extending the term, but in his order overruling the motion for a new trial, on the 19th of February, 1938, it is stated that the term had been extended in order to enable the court to consider the motion for a new trial. The term of court was finally adjourned on the 19th of February, 1938, and the appeal bond was filed March 19, 1938, which was twenty-eight days after the court had adjourned by order of the district judge. Granting that the record is sufficient to show that the term was legally extended, a matter not necessary here to decide, the bond was filed eight days after the expiration of the time in which it legally could have been filed.

The appeal bond not having been filed within twenty days after the expiration of the term at which final judgment was entered, this court does not have jurisdiction of the case and the motion to dismiss is, therefore, granted. Art. 2253, Vernon's Annotated Civil Statutes; Simpson v. Baker, 57 Tex.Civ.App. 460, 122 S.W. 959; Persky v. Claude Bell Oil Corp., Tex.Civ. App., 22 S.W.2d 319; Hamilton v. Empire Gas & Fuel Co., Tex.Com.App., 110 S.W. 2d 561.