## CLANTON et al. v. FIRST STATE BANK IN CALDWELL.

### No. 11153.

Court of Civil Appeals of Texas. Galveston.

Oct. 3, 1940.

Rehearing Denied Oct. 17, 1940.

Al L. Crystal, of Caldwell, for appellants.

W. J. Alexander, of Caldwell, for appellee.

PER CURIAM.

Appellee has filed in this court its motion to require new supersedeas bond, or in the alternative to dismiss the appeal herein for want of jurisdiction.

Upon an investigation of the record to determine the merits of the motion, we find that this court is without jurisdiction to hear this appeal because the supersedeas bond—no other appeal bond appearing to have been filed—was not filed within the time allowed by law for the filing of appeal bonds.

R.S. Article 2253, as amended in 1927, Vernon's Ann.Civ.St. art. 2253, provides: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

It is not made to appear that appellants herein come within any exception to the above-quoted statute. It does appear that the term of court at which the judgment below was rendered began on May 13, 1940, and expired on June 15, 1940; that motion for new trial was overruled on June 15, 1940; and that the supersedeas bond was filed on July 24, 1940, 39 days after judgment was entered overruling motion for new trial and 39 days after the term of court had expired.

It follows that this jurisdictional requirement not having been met, this court must dismiss this appeal for want of juris-

diction. Article 2253, Vernon's Annotated Texas Civil Statutes; Small v. Brownfield, Tex.Civ.App., 127 S.W.2d 966, writ of error refused; Labansat et al. v. Cameron County et al., Tex.Civ.App., 143 S.W.2d 94.

Under the above conclusions it is unnecessary for this court to determine the merits of appellee's motion. The motion will therefore be dismissed.

Appeal dismissed for want of jurisdiction; motion to require new supersedeas bond, etc., dismissed.